IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN DAVID McMINN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 21-379-RAW-KEW |
| | ) |
| CARRIE BRIDGES, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is represented by counsel, is a state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction in Muskogee County District Court Case No. CF-2015-1251 for Murder in the Second Degree. He alleges the state court lacked subject matter jurisdiction to charge and convict him, because he is an enrolled member of the Cherokee Nation, and the crime occurred within the boundaries of the Cherokee Nation reservation. (Dkt. 2 at 2-4). Respondent has filed a motion to dismiss, alleging Petitioner's petition is an unauthorized second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A), and the Court should not consider a transfer to the Tenth Circuit Court of Appeals for authorization. (Dkts. 10, 11). Petitioner has not filed a response to the motion to dismiss.

The record shows that on February 7, 2017, Petitioner pleaded guilty to one count of Murder in the Second Degree (Count One) and was sentenced to twenty years of

incarceration. (Dkt. 11-1).[1] He did not timely seek to withdraw his plea or otherwise appeal his conviction or sentence. (Dkt. 11-2).

Petitioner first sought to challenge his conviction and sentence through an application for post-conviction relief, which he filed in the Muskogee County District Court on March 26, 2018. (Dkt. 11-3). While he did not explicitly cite *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. 2017), Petitioner nonetheless invoked the Major Crimes Act, 18 U.S.C. § 1153, in the application. (Dkt. 11-3 at 2). He claimed the state lacked prosecutorial authority, because he is an Indian who committed his crimes in Indian Country. *Id.*

The state district court denied relief on April 23, 2018, finding "[t]he litigation in *Murphy* is ongoing and not final." *See* Oklahoma State Court Network (OSCN) at https://www.oscn.net (Dkt. 11-2 at 6).[2] The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial in *McMinn v. State*, No. PC-2018-448 (Okla. Crim. App. July 27, 2018) (unpublished). (Dkt. 11-4).

On August 7, 2018, Petitioner filed his first petition for a writ of habeas corpus in this Court in *McMinn v. Whitten*, No. CIV 18-258-RAW-KEW (E.D. Okla. Mar. 4, 2020) (Dkt. 11-5). He again argued he is an Indian who had committed his crime within Indian Country *Id.* at 1. After reviewing Petitioner's state court proceedings, this Court found the petition

---

[1] Count Two, Child Endangerment by Driving Under the Influence, was dismissed. (Dkt. 11-1 at 1).

[2] The Court takes judicial notice of the public records of the OSCN. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

was untimely, and he was not entitled to statutory or equitable tolling or to a certificate of appealability. *Id*. at 4-5.

Petitioner next returned to the state district court, seeking post-conviction relief, again challenging the state's jurisdiction over his conviction. (Dkt. 11-6). The district court denied relief on October 8, 2020, however, the OCCA found that Petitioner had failed to timely perfect his appeal. *McMinn v. State*, No. PC-2020-820 (Okla. Crim. App. Dec. 22, 2020) (unpublished) (Dkt. 11-7). The OCCA, therefore, declined jurisdiction and dismissed the appeal. *Id.* at 2. The present habeas corpus petition was filed on December 22, 2021 (Dkt. 2).

Respondent alleges this Court lacks jurisdiction to consider this unauthorized second and successive petition, and the Court should not consider a transfer to the Tenth Circuit Court of Appeals for authorization. Further, Petitioner already has been found to be time-barred under 28 U.S.C. § 2244(d)(1)(A). Therefore, Respondent asks for dismissal of the petition.

The Tenth Circuit recently denied a motion for authorization to file second or successive § 2254 petitions raising claims based upon *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020), finding the decision did not establish a new rule of constitutional law, but even if it did, the Supreme Court did not explicitly make the rule retroactive to cases on collateral review. *See In re Morgan*, No. 20-6123 (10th Cir. Sept. 18, 2020) (unpublished) (Dkt. 11-8); *Jones v. Pettigrew*, No. CIV-20-758, 2021 WL 640834, at *2 (W.D. Okla. Feb.

3

18, 2021) (declining to transfer second and successive habeas petition to the Tenth Circuit Court of Appeals for authorization because the petitioner's *McGirt* claim did not meet the requirements of 28 U.S.C. § 2244(b)(2)).

This Court must dismiss Petitioner's habeas petition, because it is second and successive, and it lacks authorization from the Tenth Circuit Court of Appeals. Regardless of the nature of the claim, the Antiterrorism and Effective Death Penalty Act (AEDPA) precludes district court consideration of a second or successive petition absent authorization from the proper court of appeals:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). "Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive [petition]." *United States v. McKye*, 947 F.3d 1293, 1295-96 (10th Cir. 2020) (citing *In re Cline*, 532 F.3d 1249, 1251 (10th Cir. 2008)). *See also In re Jones*, 847 F.3d 1293, 1294 (10th Cir. 2017) (explaining gatekeeping requirements of 28 U.S.C. § 2244(b) with appellate court).

When a federal court dismisses a petition for untimeliness, that dismissal constitutes a merits adjudication that triggers the second or successive provisions of the AEDPA. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.").

*See also Jenkins v. Crow*, 820 F. App'x 773, 778 (10th Cir. 2020) (unpublished) (applying *Rains* to find dismissal for untimeliness as an adjudication on the merits); *Collins v. Bear*, 797 F. App'x 404, 406 (10th Cir. 2019) (unpublished) (applying *Rains* in holding dismissal of a "first § 2254 petition as untimely counted as a ruling on the merits of the petition for the purposes of § 2244(b)"). Thus, if a district court dismisses a petition for untimeliness, subsequent petitions must fall within the ambit of 28 U.S.C. § 2244(b). That is the situation in this case.

This Court already has dismissed an earlier petition by Petitioner, challenging the same conviction as time-barred. (Dkt. 11-5). There is nothing in the record indicating the Tenth Circuit has authorized this petition. This counseled Petitioner has completely failed to acknowledge the existence of the first habeas action, and he makes no argument for transfer to the Tenth Circuit. (Dkt. 1 at 2-4). Further, because Petitioner is represented by counsel, he "is not entitled to the liberal construction we accord pro se pleadings." *See Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

After careful review, Court finds Petitioner's petition for a writ of habeas corpus is untimely, and transferring it to the Tenth Circuit Court of Appeals would be a waste of judicial resources. Thus, Respondent's motion to dismiss the petition for lack of subject matter jurisdiction (Dkt. 10) is GRANTED.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not

shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 10) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 25th  day of August 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma